In the Matter of R.D.M.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-131-CV

NO. 2-02-132-CV

IN THE MATTER OF R.D.M.

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

R.D.M. appeals from the trial court’s judgment adjudicating him delinquent and the trial court’s judgment modifying a prior delinquency judgment.  In one point, appellant contends that the trial court erred by admitting a photo spread into evidence that contained the hearsay statement of the complainant.  We will affirm.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  
When physical evidence is involved, an objection should be made when the evidence is first displayed.  
Tex. R. App. P. 33.1(
a)
;
 
Griffin v. State
, 665 S.W.2d 762, 770 (Tex. Crim. App. 1983), 
cert. denied
, 465 U.S. 1051 (1984).  If the appellant can show no legitimate reason to justify his failure to timely object, the objection is untimely and error is waived.  
Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997).

In this case, Detective Linda Stewart testified regarding the victim’s identification of appellant from the photo spread she had prepared.  She testified that the victim picked out number five, appellant, and wrote her name, the date, and a statement of how she knew him on the photo spread.  When asked what the victim wrote, Detective Stewart stated, “She wrote that he’s the one.”  Appellant objected to the statement as hearsay, and the trial court sustained the objection.  The State then offered the photo spread into evidence.  On the face of the photo spread, the victim had written “he is the one who made me touch his penis.”  
After the photo spread was tendered to appellant for review, appellant responded, “No objections, Your Honor
.”  As a result, the trial judge admitted the photo spread into evidence.  Again, the State asked Detective Stewart what the victim wrote on the photo spread, and she replied, “She wrote the date.”  Appellant objected on the basis of hearsay, but the trial court overruled the objection. 

Although appellant objected to the detective’s testimony regarding what the victim wrote on the photo spread, he did not object to the admission of the photo spread containing the victim’s statement.  In addition, appellant presents no argument as to why he failed to timely object.  Therefore, he has waived his right to complain about the admission of the photo spread on appeal.  Accordingly, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

[Delivered March 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.